CITY OF CINCINNATI, APPELLEE, *v.* M & M METALS, INC., APPELLANT.

(No. 11695—Decided February 28, 1972.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. John W. Dressing,* for appellee.

*Messrs. Strauss, Troy & Ruehlmann,* for appellant.

HESS, P. J. This is an appeal from a judgment of the Hamilton County Municipal Court finding the defendant, appellant herein, guilty of violating section 2501-1.1, ordinance No. 36-1969 of the city of Cincinnati and imposing sentence.

There is no material dispute on the facts. The defendant operates a "brass chip drying" process business. Brass chips covered with a water and oil cutting fluid are received for cleaning from machining operations by other companies. These chips are taken by conveyor belt through a tunnel-type gas burner. When heated in the tunnel burner the cutting fluid is vaporized and discharged into the air through a smoke stack vent which is approximately .50

feet in height. The dried or cleaned brass chips are returned to the machining companies.

On April 21, 1971, an air pollution inspector for the city of Cincinnati observed a non-black plume of smoke spewing from the vent stack of the defendant. The smoke plume was observed for eleven minutes. The opacity of the plume was compared by the inspector to the opacity gradients of a microringelmann scale, which is a visual indicator device measuring smoke density by a shade matching technique. The inspector determined that the density of the smoke plume from the vent stack ranged above the number three level on the ringelmann standard smoke chart.

Based upon this observation, the inspector signed an affidavit charging defendant with a violation of the Cincinnati, Ohio building code, division B, chapter 15, section 2501-1.1. The defendant was found guilty as charged.

The defendant presents five assignments of error which will be considered as numbered with the exception of number four. Defendant's brief does not provide the court with a separate argument in support of each assignment of error. The court will therefore consider those portions of the general argument which are relevant to each assignment of error.

In assignment of error number one, the defendant claims the trial court failed to properly interpret section 2501-1.1 of ordinance No. 36-1969, Cincinnati, Ohio. That section reads in part as follows:

"No person shall cause or permit the emission of a plume of particulate matter of any color which has an opacity which obscures vision to a degree equal to or greater than a smoke plume prohibited by section 2501-1 of this code."

This part of section 2501-1.1, herein referred to as the opacity limits of that section, with reference to section 2501-1, prohibits an opacity greater than number two on the standard smoke chart.

The second part of section 2501-1.1 establishes an exception for manufacturers and processors to the opacity

requirements, herein referred to as the weight of discharge limits. This part reads as follows:

"Exception Applying to Plumes from Process or Manufacturing Operations Only. If the person who causes or permits the emission prohibited by this section, demonstrates at his own expense by methods or procedures acceptable to the Air Pollution Control and Heating Engineer and by tests witnessed by the Air Pollution Control and Heating Engineer that the emission from a process or manufacturing operation meets the weight emission limitation specified in Section 2501-2 of this Code, then the opacity of the plume related to the weight discharge shall be permitted and plumes more dense than said opacity shall be prohibited. Plumes whose opacity is wholly due to water vapor are exempted from this section."

The basis for defendant's contention as gleaned from the general argument is that the prosecution must present evidence showing not only that the opacity requirements were exceeded but also that the weight discharge limits were exceeded and what methods and procedures are acceptable to the air pollution control and heating engineer to establish the weight of particulate matter discharged before a violation of section 2501-1.1 can be established.

There is no question that the defendant qualifies as a processor. To avail itself of the exception as a processor, however, the defendant must establish that the following steps previously had been taken by it:

(1) tests were devised by the defendant at its own expense which demonstrate the weight of particulate matter discharged by the brass chip drying process;

(2) the methods of conducting these tests were submitted to and approved by the air pollution control and heating engineer; and

(3) the approved tests were in fact carried out and witnessed by the air pollution control and heating engineer.

The ordinance requires the weight discharge limit exception to be established by the one attempting to avail himself of the exception.

The record does not support the contention of the defendant that the trial court interpreted section 2501-1.1 in a manner inconsistent with the clear language of that ordinance. For this reason, assignment of error number one is without merit.

In assignment of error number two, defendant claims the trial court erred in placing an unconstitutional burden of proof upon the defendant. The basis of this claim is that the claimed unconstitutional burden is the result of a policy of the trial court to disregard evidence of a weight discharge limit exception if an opacity limit violation of section 2501-1.1 is shown. The record does not support the claim that such a policy was followed by the trial court. The record does demonstrate that the defendant failed to employ the procedure clearly required to establish a weight discharge limit exception for a processor under section 2501-1.1.

For the reason that defendant's claim is not supported by the record, assignment of error number two is without merit.

In assignment of error number three, defendant claims the trial court erred by failing to give due credit to relevant, uncontradicted evidence adduced by the defendant. The basis of this claim concerns the testimony of one Howard Manson, manager of the defendant corporation. Manson testified that based upon the average weight of brass chips dried in one hour, he could calculate the weight of the solid matter discharged in one hour because the percentage by weight of the cutting fluid was known. Manson testified that by this method his calculations showed that the weight of the particulate matter discharged from the vent stack was two to three pounds per hour which was within allowable limits set by the ordinance.

The defendant claims such uncontradicted testimony is sufficient evidence to avail it of the weight discharge limit exception of section 2501-1.1. Mason's uncontradicted testimony does not establish that defendant complied with the mandatory provisions of the ordinance precedent to the use of the weight discharge limit formula.

Assignment of error number three is without merit.

In assignment of error number five, defendant claims the trial court erred by failing to require the prosecution to establish beyond a reasonable doubt every essential element of a violation of section 2501-1.1. The basis of this claim is that a violation of section 2501-1.1 requires not only proof that the opacity limits set by that section were exceeded, but also that the weight discharge limits were exceeded. As expressed in our consideration of assignments of error one and three, the weight discharge limits of section 2501-1.1 cannot be relied upon until approval is first had from the air pollution control and heating engineer authorities. This approval was not established.

The prosecution did establish the elements of a violation of section 2501-1.1 by expert testimony that the opacity limits were exceeded. Assignment of error number five is without merit.

In assignment of error number four, defendant claims the trial court erred in overruling his motion to dismiss at the close of the plaintiff's case. The thrust of this claim is that the motion should have been granted for the reasons presented in assignments of error one, two, three and five. Those assignments of error have been found to be without merit and therefore assignment of error number four is without merit.

It follows that the judgment of the Hamilton County Municipal Court of Cincinnati, Ohio, should be, and hereby is, affirmed.

*Judgment affirmed.*

Young and Shannon, JJ., concur